UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFREDO ENRIQUE RAMIREZ-AYALA,<br><br>Defendant. | Criminal Case No. 07MG2362<br><br>**DETENTION ORDER** |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on October 9, 2007, to determine whether defendant Alfredo Enrique Ramirez-Ayala ("Defendant"), should be held in custody pending trial, on the grounds that Defendant is a flight risk. At the detention hearing, Assistant United States Attorney Michelle M. Pettit appeared on behalf of the United States and Federal Defender Ellis M. Johnston III appeared on behalf of the Defendant.

Based on the evidence proffered by the United States, the evidence proffered by the Defendant, the Pretrial Services Report, and the Complaint, the Court concludes that the Government met its burden to demonstrate by a preponderance of the evidence that Defendant is a flight risk and that there is no condition or combination of conditions that will reasonably assure Defendant's appearance.

///

## I.

## FINDINGS OF FACT

**A.  Nature and Circumstances of the Offense Charged [18 U.S.C.§ 3142(g)(1)]**

1. Defendant is charged in Criminal Complaint No. 07MG2362 with one count of bringing in illegal aliens into the United States without presentation to an appropriate immigration officer at a designated port of entry in violation of 8 U.S.C. § 1324(a)(2)(B)(iii).

2. Based on the crash and rollover of the vehicle transporting illegal aliens in this case, from which two deaths resulted, this offense involves violence or harm to the decedents and injured aliens.

3. Given that the alleged violation resulted in death and that the Government intends to pursue charges for which the maximum penalty under the applicable statute is "death or imprison[ment] for any term of years or for life . . ." see 8 U.S.C. § 1324(a)(1)(B)(iv), the nature and severity of this offense favors detention.

**B.  Weight of the Evidence Against the Defendant [18 U.S.C.§ 3142(g)(2)]**

1. Although this factor is to be given the least weight, there is probable cause to believe the Defendant committed the charged offense, which favors detention.

**C.  History and Characteristics of the Defendant [18 U.S.C.§ 3142(g)(3)]**

1. **Character:** The Defendant escorted an alien back across the border to Mexico before returning to the group heading north in the United States. Accordingly, this factor weighs against detention.

2. **Physical and Mental Condition:** No evidence has been proffered regarding the Defendant's physical and mental condition. As a result, this factor is treated as neutral.

3. **Family Ties:** The Defendant has family ties to Mexico and no substantial ties to the United States. Accordingly, this factor favors detention.

4. **Employment:** The Defendant has no lawful employment in the United States. Therefore, this factor favors of detention.

///

5.  **Financial Resources:** The Defendant does not appear to have any financial ties to this community or significant assets in this community. Therefore, this factor weighs in favor of detention.

6.  **Length of Residence in the Community:** The Defendant is a Mexican citizen who does not reside in the United States. As such, this factor weighs in favor of detention.

7.  **Community Ties and Past Conduct:** The "community ties" and "past conduct" factors implicate considerations that are duplicative of other findings already made by the Court in this Order. As a result, these factors will be treated as neutral.

8.  **History Relating to Drug or Alcohol Abuse:** There is no evidence that the Defendant has a history of drug and alcohol abuse. Accordingly, this factor weighs against detention.

9.  **Criminal History:** The Defendant has no prior criminal history, which weighs against detention.

10. **Record Concerning Appearance at Court Proceedings and on Probation, Parole or Other Release:** This factor is not applicable in this case.

## II.

## CONCLUSIONS REGARDING DETENTION

Based on the factors set forth in 18 U.S.C. § 3142(g) and, in particular, the potential maximum sentence in this matter, the Government has satisfied its burden of demonstrating, by a preponderance of the evidence, that Defendant is a flight risk and that no condition or combination of conditions will reasonably assure the appearance of Defendant at future court proceedings in this case.

///
///
///
///
///

## III.

## ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by counsel for the defense and for the United States.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: October 12, 2007

The Honorable RUBEN B. BROOKS
United States Magistrate Judge

Prepared by:

_____
MICHELLE M. PETTIT
Assistant U.S. Attorney

cc:   Ellis M. Johnston III
      Federal Defenders

4